**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 21-4679**

―――――――――

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

PERCY JAMES TUCKER,

                    Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:09-cr-00182-AWA-DEM-1)

―――――――――

Submitted:  March 10, 2022                              Decided:  March 25, 2022

―――――――――

Before MOTZ and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Percy James Tucker, Appellant Pro Se.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Percy James Tucker seeks to appeal the district court's order granting his former standby counsel's motion to withdraw and directing that new standby counsel be appointed in his criminal case. The Government moves to dismiss the appeal for lack of jurisdiction. Tucker has not responded to the motion or this court's notices directing a response.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Under the final judgment rule, federal appellate court jurisdiction is limited to reviewing 'final decisions of the district court.'" *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir. 2020) (citations omitted). "In the criminal context, this means that this Court generally does not have appellate jurisdiction until after the imposition of a sentence." *Id*. (citations omitted).

"This final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'" *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (citation omitted). "[T]he final judgment rule is 'at its strongest in the field of criminal law,' because of the compelling interest in the speedy resolution of criminal cases." *Sueiro*, 946 F.3d at 640 (quoting *Flanagan*, 465 U.S. at 264-65).

2

The order that Tucker seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. *See Flanagan*, 465 U.S. at 260; *Sueiro*, 946 F.3d at 642.[*] Accordingly, we grant the Government's motion to dismiss and dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although Tucker could have potentially challenged the district court's order in his subsequent appeal of the order revoking his supervised release, he voluntarily dismissed the appeal under Fed. R. App. P. 42(b). *See United States v. Tucker*, No. 22-4016 (4th Cir. Jan. 11, 2022) (order granting motion to dismiss appeal). He also failed to respond to this court's notices directing him to respond to the Government's motion in the present appeal.